DOTTERER, trustee, *et al. v.* HARDEN, judge.

88   145
90   804
88   145
o108 382

1. Where the only error assigned is upon the rendition of a decree
founded on the verdict of a jury, none of the evidence adduced
on the trial is requisite in reviewing the decree ; nor is anything
the judge may have stated orally at the time of rendering the
decree, or previously, material.
2. The Supreme Court will not grant a *mandamus nisi* to the end
that a bill of exceptions may be signed and certified, where it
affirmatively appears on the face of the application that the de-
cision complained of and sought to be excepted to was correct,
inasmuch as in such case the *mandamus* would be of no practical
benefit to the applicant.
3. In a contest between a judgment creditor and the assignees of a
money demand against a county, the lien. of the judgment not
having attached upon the fund before it was brought into court,
such judgment will not take precedence of the assignments,
though they were made after the judgment was rendered.
4. Though the assignments are not set forth in the pleadings fully
and specifically, yet, if they be alleged substantially and the jury
have found them to be valid, they ought to be so treated in render-
ing the decree, no motion for a new trial or other attack upon the
verdict having been made by any of the parties in due time.
November 23, 1891.

*Mandamus.*     Practice in Supreme Court.    Debtor
and creditor.    Lien.    Assignment.

Reported in the decision.

FRANK H. MILLER, R. G. ERWIN, W. S. CHISHOLM and
HARRISON & PEEPLES, for the relators.

LUMPKIN, Justice.

Dotterer, trustee, *et al.*, applied to this court for a
writ of *mandamus nisi* requiring the Hon. Wm. D. HAR-
DEN (judge of the city court of Savannah, who pre-
sided in the superior court of Chatham county in the

v 88-10

place of Hon. ROBT. FALLIGANT, disqualified) to show cause why the former should not certify a bill of exceptions duly tendered to him in the case of Bowe *v.* The County of Chatham *et al.*, his honor, Judge HARDEN, having refused to certify the same as presented. It appears that Judge HARDEN declined to certify the bill of exceptions unless counsel for the plaintiff in error would set forth therein the evidence adduced on the trial, and also certain reasons, given orally by the judge at the time of rendering the decree, for the conclusions he had reached. This the counsel refused to do.

As ruled in the first head-note, we do not think the proposed corrections were material or necessary. Even if they had been, still, if the bill of exceptions as tendered set forth no erroneous ruling by the court below, the writ of *mandamus* ought to be denied. It was conceded by the learned and able counsel who presented this application, that if it appeared from the bill of exceptions sought to be certified there was no error in the rulings of the court below, the writ of *mandamus* should be denied, and so it was held by this court in *Pitts* v. *Hall*, 60 *Ga.* 389. It only remains, therefore, to be shown that the bill of exceptions tendered to Judge HARDEN set forth no error requiring correction by this court, and this will appear from a brief discussion of the merits of the case.

Bowe filed in Chatham superior court an equitable petition alleging, among other things, that he had contracted to build a jail for said county for $47,780.00, of which sum a large amount was still due him; that he had found it impossible to complete the work without becoming indebted in large sums to various persons for work done and materials furnished in carrying out his work; for said work and materials suits had been instituted and judgments obtained against him by The Fred. Myers Manufacturing Co., Andrew Hanley, Chas. A.

Robbe, Frank Smyth, and W. P. Bailey & Co., upon which judgments summonses of garnishment had been issued, directed to the county of Chatham, and were still pending in the superior court of that county; that in the progress of the work of building said jail, petitioner had been compelled to assign to one John O. Smith certain amounts due to petitioner under his contract with the county, and that the said Smith had filed said assignment with the commissioners of the county; that because of said garnishments and assignment, the county commissioners refused to pay to petitioner the alleged balance due him on the contract, and that petitioner was willing to pay the amount due him by the county to such persons as were lawfully entitled to receive the same. The petition prayed that the county of Chatham be required to pay into the registry of the court the amount due petitioner, and that the above named parties be required to appear and interplead, and have determined their respective rights and priorities to so much of said money as might be due to them, or to either of them, and that process be issued and directed accordingly. The county filed an answer denying many of the allegations of the petition, but admitting an indebtedness to petitioner in the sum of $4,735.95, which it averred its willingness to pay into court to be disposed of as the court might order and decree.

The Fred. Myers Manufacturing Co., Andrew Hanley, Chas. A. Robbe and Frank Smyth filed separate answers setting forth the amounts, respectively, due them by Bowe for work done and materials furnished in the construction of the jail; that they had obtained judgments against Bowe for the same; that Bowe had given them written orders upon the county commissioners for these amounts, which orders were assignments of said funds by Bowe to them; that these orders had been duly filed with the county commissioners, and that upon them

there were still due to these defendants the several amounts of their respective judgments.

The answer of W. P. Bailey & Co. alleged that Bowe was indebted to them the amount therein named, on a judgment obtained against him based on an indebtedness for bricks furnished in the construction of the jail, but their answer did not claim that Bowe had made to them an assignment of any part of the amount due to him by the county.

The answer of Jno. O. Smith alleged an indebtedness to him by Bowe of a large sum of money for work and materials in the building of the jail, and that Bowe had assigned to him a sufficiency of the amount due Bowe by the county to pay such indebtedness, and that Bowe had given him a power of attorney to collect the same.

After these answers had been filed, and before Dotterer became a party to the case, a consent order was passed adjudging that the county of Chatham pay into the registry of the court $6,436.73, and after said payment, be released and absolved from all further liability either to Bowe or to any of his creditors in the petition mentioned. This order was passed March 4th, 1891. Thereafter, on the same day, Dotterer, trustee, was made a party defendant to the case, and filed an answer alleging that Bowe was indebted to him in an amount therein named, upon a judgment he had obtained on the 10th day of June, 1887, and praying that said judgment be satisfied out of the fund paid into court by the commissioners of Chatham county. During the same term of the court certain issues of fact were submitted to the jury, and they found substantially as follows: first, that the claims of all the respondents, as set forth in their respective answers, were valid and just, and that all of them were in judgment except that of John O. Smith; second, that the assignments given by Bowe to Robbe, Smyth and Jno. O. Smith were valid; third,

that the claims of all these respondents, except Dotterer, were founded on amounts due by Bowe for labor, materials, etc., furnished in connection with the building of the jail, and that Dotterer's judgment was based upon a matter foreign to the construction of said jail. There was no finding by the jury that Hanley or W. P. Bailey & Co. had assignments from Bowe of any part of the funds due him by the county. There was no motion for a new trial, or any effort made by any of the respondents to set aside the verdict. At the next term of the court, upon the petition, answers and verdict as they stood, a final decree was entered, which, after allowing Bowe's solicitors $600.00 for bringing the fund into court and providing for the payment of costs, divided the balance of the fund among Robbe, Smyth and Jno. O. Smith, the three latter receiving the amounts awarded them *pro rata* upon their respective claims, the fund being insufficient to pay them in full.

As will be seen, the claims of Hanley, W. P. Bailey & Co. and Dotterer were excluded from any participation in the fund. The judge evidently was of the opinion that only those creditors of Bowe who had assignments from him were entitled to share in the money paid into court by the county. Dotterer's judgment being older than any of the orders on the county, or assignments given by Bowe, he claims that his judgment was entitled to priority, and that the judge erred in holding otherwise. We think the judge's ruling was correct. Dotterer's judgment gave him no lien on this fund in the hands of the county. Indeed, it was expressly ruled in *Dotterer, trustee, et al.* v. *Bowe et al.* that he could not reach this money by garnishment. 84 *Ga.* 769. If he had no lien on the fund while it remained in the county treasury, and could not reach it there by process of garnishment, we see no reason why the lien of his judgment should attach to the money after it was, at the instance

of Bowe, brought into court for distribution. Moreover, the finding of the jury, of which Dotterer did not complain, established that this money had been lawfully assigned by Bowe to Robbe, Smyth and Jno. O. Smith, and consequently, it belonged to them. It is true that in none of the answers above referred to were the assignments alleged to have been made by Bowe as clearly and distinctly set forth as they might have been; and probably, on special demurrer, an objection to this effect would have been sustained. In the absence of such demurrer, the allegations concerning the assignments were sufficient, and should be so treated, especially after the jury have found them to be valid. Whether this finding was right in fact or sound in law is immaterial. Until set aside, it is binding and conclusive upon all of these parties; and this being true, the judge could not do otherwise than decree as he did that the money be awarded to those to whom, under the verdict, it belonged.

It appears, therefore, that if the bill of exceptions had been certified by the judge precisely as it was presented to him, it would have resulted in no practical service to the plaintiff in error, and nothing beneficial would be accomplished by ordering the writ of *mandamus* to issue. Assuming, for argument's sake, that the bill of exceptions ought to have been signed as tendered, and supposing the same was now being considered upon its own merits, the judgment of the court below would be affirmed. For this reason, the propriety of refusing the writ is manifest.                *Mandamus denied.*