SEARS, next friend of BAKER, *v.* CANDLER, Judge.

1. An inquisition under section 1047 of the Penal Code, as amended by the act of December 21, 1897, is a judicial proceeding; and consequently a refusal by a judge of the superior court to take any action upon an application for such an inquisition is reviewable by the Supreme Court.
2. When a proper bill of exceptions assigning error upon such a refusal is duly tendered to the judge, it is his duty to certify it without regard to the question whether, because of the insufficiency of the application, or for any other reason, the refusal excepted to was, as matter of law, proper or improper.
3. In passing upon an application for a mandamus to compel a judge to certify such a bill of exceptions, this court will not look into the merits of any assignment of error therein made. Questions thus presented can not properly be decided by the Supreme Court until after the bill of exceptions has been certified and regularly transmitted thereto.

Submitted October 15, — Decided October 23, 1900.

This was an application to the Supreme Court by Mrs. Sears, as next friend of Baker, for a mandamus to require the judge of the superior court to certify the bill of exceptions in the case of *Sears v. State*, reported infra. The reasons stated by the judge for refusing to certify are those given for the decision there excepted to.

*King & Anderson, Lewis W. Thomas,* and *Lee J. Langley,* for petitioner. *C. D. Hill, solicitor-general,* contra.

LEWIS, J. 1. In the case of *Carr* v. *State,* 98 *Ga.* 89, this court, then composed of three Justices, by a majority held that the proceedings authorized by section 4666 of the Code of 1882 (subsequently codified in section 1047 of the present Penal Code) were not judicial in character. This view was afterwards, in the case of *Baughn* v. *State,* 100 *Ga.* 554, recognized as correct by a full bench of six Justices. In the opinion delivered by Mr. Justice Lumpkin in the case first mentioned, he pointed out the reasons for the conclusion reached by himself and the Chief Justice, and re-

marked, " It may be that the whole subject needs legislation." This suggestion doubtless led to the passage of the act of December 21, 1897, amending section 1047 of the Penal Code (Acts of 1897, p. 41). A casual reading of this act will suffice to show that the trial to be had under its provisions is a judicial proceeding. All of the objections to so regarding the inquisition provided for by the old law have been removed, and we therefore without difficulty came to the conclusions announced in the first headnote. The section, before it was amended, provided for an investigation without a judi-cial head, and gave no direction as to procedure. Under the amend-ment, the inquisition is now a regular case in the superior court, with all the incidents thereunto appertaining.

2, 3. The cases of *Taylor* v. *Reese,* and *Perry* v. *Reese,* 108 *Ga.* 379, which were carefully considered, are authoritative upon the two remaining headnotes. It may now be regarded as the settled law and practice of this State, that when a true and correct bill of ex-ceptions is duly sued out and tendered to a trial judge, it is his duty to certify it without regard to the merits of the questions thereby presented; and that this court will not, in passing upon an applica-tion for a mandamus to compel a judge to certify a bill of exceptions, look into the merits of any assignment of error therein made. In other words, a case must get to this court in the regular and lawfully appointed manner before it is considered and decided.

*Mandamus absolute ordered. All the Justices concurring.*