BRINSON *v.* CALLAWAY, judge *pro hac vice.*

When in an application for a mandamus to compel a judge to certify a bill of exceptions it appears that the counsel tendering the bill of exceptions and the judge disagree as to what parts of the record are material to a clear understanding of the errors complained of, and that the judge refuses to sign the bill of exceptions until such parts of the record as he claims are material are specified therein to be transmitted to the Supreme Court, and that the counsel tendering the bill of exceptions neither makes the specifications required nor requests the judge to make them for him, this court will not undertake to determine the issue thus made between the judge and counsel, and a mandamus nisi will be denied.

Submitted October 1, — Decided October 31, 1900.

Application for mandamus.

*James P. Brinson* and *Alfred Herrington,* for movant.

COBB, J. A bill of exceptions was tendered to the judge, and returned to counsel with a written statement signed by the judge, in which he said that he could not sign the bill of exceptions in its then condition, and that he called attention to "a few of the errors" therein, specifically pointing out a number of errors in the bill of exceptions. Counsel made the corrections suggested by the judge, and tendered the bill of exceptions to him again, and he refused to certify the same on the ground that the entire record of the case was material to a clear understanding of the assignments of error made in the bill of exceptions. Counsel expressly declined to specify any other parts of the record than those specified in the bill of exceptions tendered, contending that the parts which the judge desired to have specified were not material to a clear understanding

of the questions made in the bill of exceptions, and that what was specified was "all that was necessary to a fair understanding of the case"; and further that a specification of the entire record in the case would be a violation of the rule of the Supreme Court and render counsel liable "to the penalty of having his case dismissed." Application was then made to this court for a mandamus nisi to be directed to the judge, calling upon him to show cause why he should not certify the bill of exceptions.

This court can not undertake to determine an issue between the judge and counsel as to what parts of the record are material to a proper consideration of the case. The judge who tried the case must decide this question, the law requiring him to certify that the bill of exceptions "specifies all of the record material to a clear understanding of the errors complained of." Civil Code, §§ 5532, 5528 (4). The decision of the judge in this matter is conclusive on counsel tendering the bill of exceptions. It is the duty of counsel tendering a bill of exceptions to specify such portions of the record as are material to a clear understanding of the errors complained of. Civil Code, §§ 5528, 5530. While the judge to whom a bill of exceptions is tendered is authorized to change the same so as to make it refer to all the record necessary, he is certainly not required to do this in a case where counsel tendering the bill of exceptions not only does not request him so to do, but expressly refuses to have incorporated in the bill of exceptions parts of the record which the judge claims are material, and makes a direct issue with the judge as to the materiality of the same and the right of the judge to require the parts of the record claimed by him to be material to be transmitted to this court. That the defendant in error has a right, under the Civil Code, § 5536, to have transmitted other parts of the record than those specified, is no reason why the plaintiff in error should not be required to specify all those parts of the record which the judge deems material.

The bill of exceptions tendered to the judge not containing, as he determined, a specification of all the parts of the record material to a proper consideration of the assignments of error therein made, and counsel having failed to make the necessary specification and not having requested the judge to do so, but, in effect, having expressly declined to allow the judge to do so, he was justified in refusing to certify the bill of exceptions.

*Mandamus nisi denied. All concurring, except Little, J., absent.*