## STRICKLAND *et al. v.* FITE, Judge.

1. If while a motion for a new trial was pending counsel for movant, in connection with the motion, tendered to the judge a document in the form of exceptions pendente lite, calling in question the legality of certain acts of the judge, with a request that he certify the same, and the judge refused to do so ; and if, after overruling the motion for a new trial, a bill of exceptions was sued out, which was in all respects true, and which contained a recital of the tendering of the above-mentioned document, the contents thereof, and of the refusal of the judge to certify the same, and assigned error upon such

refusal, it was the duty of the judge to certify such bill of exceptions without requiring counsel for the plaintiff in error to eliminate therefrom all reference to, and the action taken upon, such exceptions. Whether such exceptions ought properly to be treated as legal exceptions pendente lite, and, if so, whether they were or were not meritorious, are questions to be finally determined by the Supreme Court in passing upon the case in due course.

2. Applying the principles above announced to the petition for mandamus, and the answer thereto filed by the trial judge, a mandamus absolute should.be granted, and it is so ordered.

Argued January 20, — Decided February 3, 1902.

Petition for mandamus.

*James B. Conyers* and *Ben. J. Conyers*, for movants.
*Albert S. Johnson*, contra.

LITTLE, J. Complaint is made in the petition of Strickland and Badger, who were convicted of a misdemeanor in Bartow superior court, that Honorable A. W. Fite, the judge presiding at their trial, refused to certify a bill of exceptions which had been sued out by their counsel in order to have certain errors assigned therein reviewed by this court; and they pray that a mandamus absolute shall issue from this court, requiring Judge Fite to certify such bill of exceptions. There seems to be no disagreement as to the facts under which the judge refused to certify the bill of exceptions, nor any differences as to the truth of the facts recited in the bill as presented. It appears that after their conviction the petitioners submitted a motion for a new trial; that on the day assigned for the hearing of the motion, before it was heard and passed upon, counsel for the movants presented to the judge a document which is called a bill of exceptions pendente lite, and asked him to certify such exceptions. The judge refused to certify these exceptions, and subsequently passed an order overruling the motion for a new trial. Movants' counsel then prepared a bill of exceptions which, besides assigning error on the overruling of the motion for a new trial, set out a copy of the exceptions pendente lite, and assigned as error the refusal of the judge to certify them. When the judge ascertained that the main bill of exceptions contained a copy of the exceptions pendente lite and assigned his action thereon as error, he refused to certify the main bill of exceptions, and in writing entered thereon the reason for his refusal in the following words: "The within bill of exceptions read and considered. The court refuses to certify the same, because movants' counsel has incorporated

therein what he calls 'exceptions pendente lite,' and which were disallowed by the court. The so-called exceptions pendente lite are in no way connected with the motion for a new trial, and allege no error in the trial of the case, nor complain of anything that transpired during the trial or before judgment was rendered in said case; and nothing therein can in any manner affect the guilt or innocence of movants or the verdict or judgment in the case." In his answer to the mandamus nisi the judge takes the position that the incorporation of the exceptions pendente lite in the bill of exceptions, under the circumstances of this case, was improper, and intimates that the movant should have applied for a mandamus to require respondent to sign the bill of exceptions pendente lite, or for a writ of habeas corpus to test any legal question under which it was claimed that the petitioners were illegally confined in the chain-gang.

Without undertaking to say that movants could not have legally instituted a proceeding to compel a certification of proper exceptions pendente lite, we yet think that the judge erred in refusing to certify the bill of exceptions because it contained the alleged exceptions pendente lite; and we say this without any regard to the merits of any question raised by the exceptions pendente lite; and we are not to be understood as passing upon the question whether they are proper exceptions, and whether, if they are, there is any merit in them. It is sufficient to know that movants' counsel, during the pendency of the case or the motion for a new trial, presented such exceptions, that the judge refused to certify them, and that the bill of exceptions contains the pendente lite exceptions so presented, and it assigns as error the refusal to certify them. The judge says that the exceptions pendente lite are in no way connected with the motion for new trial and allege no error in the trial of the case, nor contain anything that transpired during the trial or before judgment was rendered in said case, and that nothing therein could in any manner affect the guilt or innocence of movants or affect the verdict or judgment in the case. Counsel for plaintiff in error contend to the contrary, and it is the trial judge's decision on this question which they propose to have reviewed. It may be, as the judge says, that there is no merit in the exceptions pendente lite. But whether there is or not, if they were presented, if the judge refused to certify them, if counsel for movants has properly incorporated them into the bill of exceptions

which is otherwise true, and properly assigned error on the refusal of the judge to so certify, we see no reason why he can not have that question made and determined. Indeed, without regard, as we have said, to the merits of the exceptions, it was proper practice, as we understand it, to have assigned error on such refusal, if the movant desired to have reviewed the official action of the judge, by which he overruled them. As we understand, the judge imposes no objection to the bill of exceptions as being untrue; being true, it should have been certified, to the end that the errors alleged therein to have been committed may be considered by this court. It may be noted, in this connection, that the time in which exceptions pendente lite may be filed has been extended. Acts 1898, p. 59. It is ordered that a mandamus absolute do issue in terms of the law, requiring the respondent to certify the bill of exceptions presented.

*Mandamus made absolute. All the Justices concurring.*