## 1831. CAMPBELL *v.* FOUTE, Judge.

Where a judge to whom a bill of exceptions is tendered returns the same to counsel for correction, under Civil Code, § 5545, on the ground that it is not true, or that it does not contain all the necessary facts, and specifies his objections in writing, as required by that section, this court will not issue mandamus against the judge to compel him to sign the bill of exceptions, unless counsel removes the objections specified by the judge.

Application for mandamus.

Submitted April 12,—Decided April 20, 1909.

*J. B. Conyers,* for movant.

*W. H. Milner, solicitor,* contra.

PER CURIAM. Campbell, through his counsel, tendered to the judge a bill of exceptions, complaining of the judge's refusal to grant him a discharge, under a demand for trial, according to section 958 of the Penal Code. Within the time required by law, the judge returned to counsel the bill of exceptions, together with a statement in writing that it did not contain all the necessary facts; and set forth a list of the facts which he says should have been incorporated in the bill of exceptions. Counsel for the plaintiff in error, insisting that these proposed corrections would be unfair to him and would not set forth the actual truth of the matter, has filed in this court a petition for mandamus, setting up what he claims to be the entire history of the case, including the written specifications returned by the trial judge in connection with the bill of exceptions; from which it appears that the judge did not refuse absolutely to sign the bill of exceptions, but, on the other hand, expressly stated that when the revisions indicated were incorporated in the bill of exceptions, he would sign it.

The determination of what is true and what is not true as to matters occurring on the trial of a case, when it is sought to review the trial by a bill of exceptions, addresses itself exclusively to the presiding judge; and this court is by law compelled to take his statement as true. If the judge says that certain corrections are necessary, to make the bill of exceptions speak the truth, we have no power to allow counsel to take issue with him, nor can we take issue with him ourselves. It is the duty of counsel to make these corrections and tender to the trial judge the bill of exceptions as corrected. If there are other and additional facts which counsel thinks should be stated in connection with the matters which the

8

trial judge requires to be stated, he may yet (for the time for the final return of the bill of exceptions has not yet expired) ask the judge to state these facts; and if the judge considers them to be true, he will no doubt allow them to be incorporated in the bill of exceptions before it is finally signed. But if he does not do so, this court can not and will not interfere.

*Mandamus nisi denied.*