2122. PELHAM MANUFACTURING CO. *v.* SCAIFE, judge.

It is the duty of a judge to certify a bill of exceptions if the statements of fact therein are true, regardless of the merits of the bill of exceptions.

Application for mandamus.

Submitted January 12,—Decided February 22, 1910.

*Payne, Little & Jones, Colquitt & Conyers,* for petitioner.

RUSSELL, J. In answer to the rule nisi served upon him, his honor Judge Scaife does not deny that the statements of fact in the bill of exceptions pendente lite, which he was asked to certify, are true, though he states that his answer is made "without admitting the facts set out in the bill of exceptions pendente lite." The question arises, therefore, whether the answer of the judge shows any reason why he should not sign the certificate to the bill of exceptions as presented to him. The reason assigned by the judge for declining to certify the exceptions pendente lite can best be given in his own language, as contained in his answer to the mandamus nisi: "After this respondent had, in reference to the case referred to in said petition for mandamus, held himself to be disqualified to try said case, on motion of the petitioner for mandamus this respondent vacated the bench, and considered and held all action taken by this respondent in said case as nugatory, and this respondent insists now that all action taken on the part of this respondent, save and except this respondent's holding and ruling, on motion of petitioners for mandamus, that he was disqualified from presiding in said case,

was nugatory, null and void; and the trial of said case began de novo when Judge A. S. Johnson, of the city court of Newton, went upon the bench and tried said case as set out. For these reasons this respondent, deeming that no trial had been had before him, and no legal action had been taken before him, save and except as above stated, this respondent's holding and ruling, on motion of petitioners for mandamus, that he was disqualified from presiding in said case, and that the whole proceedings before this respondent, save and except as above stated as to his holding and ruling that he was disqualified to preside in said case, on motion of petitioners for mandamus, were nugatory, and respondent declined to certify any bill of exceptions sued out in reference to any judgment or ruling which this respondent made; there having been no trial before this respondent, and no legal action taken by this respondent, save and except his holding and ruling that he was disqualified to preside in said case, on motion of petitioners for mandamus, the whole case having stood for trial before Judge Johnson just as though this respondent had never been upon the bench for a moment while said case was under consideration."

The only question involved, so far as the action of the judge to whom the bill of exceptions is presented is concerned, is whether the statements contained in the bill of exceptions are true. Necessarily, whether the exceptions are meritorious or not is the full question which the party excepting desires to present to the appellate court and to have reviewed. If the judge can refuse to certify the bill of exceptions because he deems that the points therein raised are without merit, he can thereby deprive the complaining party of his right to have these very issues reviewed.

One of the assignments of error in the present instance is that the judge erred in holding that the judge of the city court of Newton, or any other judge, except a judge of a superior court, was qualified to try the said case, under the circumstances. It appears, from the statement of the bill of exceptions pendente lite, that whether Judge Scaife was disqualified or not, Judge Johnson of the city court of Newton actually tried the case to its conclusion; and this is one of the reasons assigned by Judge Scaife, in his answer, for holding himself disqualified to certify the bill of exceptions pendente lite. And yet, as appears from the bill of exceptions, Judge Johnson came to the bench only at the request of

Judge Scaife. Of course, the presentation of the bill of exceptions to Judge Scaife is a waiver of any disqualification upon his part (if there is any), so far as the certification of the bill of exceptions pendente lite is concerned; and, therefore, what we have said as to the exception referred to is merely illustrative of all of the exceptions. The ruling in this case must be controlled by the ruling of the Supreme Court in *Hall County* v. *Gilmer,* 123 *Ga.* 174 (51 S. E. 307), in which the writer (then a judge of the superior courts), presiding for Judge Kimsey in Hall superior court, certified exceptions pendente lite to the judgment overruling a demurrer, and at the termination of the case Judge Kimsey certified to the main bill of exceptions, including the exceptions pendente lite previously certified and appearing upon the record. The Supreme Court approved the practice followed in that case.

The merits of the bill of exceptions are not matters to be considered by the judge when the bill of exceptions is presented to him to be certified. He can do only one of two things: certify by signing the certificate and requiring a transcript of the record to be transmitted to the court of review, or return it to the counsel for such correction as he may think necessary in order to make it speak exact truth of the matter to be reviewed. Barring three exceptions, which will be hereafter stated, the appellate court, upon an application for mandamus, will not itself consider the merits of the bill of exceptions; though it will decline to make the mandamus absolute if the judge in his answer presents a sufficient reason for not having certified the bill of exceptions. The reason, however, which will justify a trial judge in declining to certify the bill of exceptions must be something entirely apart from the merits of any question raised in the bill of exceptions. It must be either because the bill of exceptions is presented too late, or because the statements of fact relating to the proceeding it is sought to review are untrue, or because the counsel has declined to correct the bill of exceptions in accordance with the direction. of the court, or some such similar matter, which does not in any wise relate to the sufficiency or merit of the exceptions which the application for the writ of error seeks to present to the higher court. The same rule, as to the immateriality of the merits, applies to a bill of exceptions pendente lite as applies to the main bill of exceptions.

In *Strickland* v. *Fite,* 114 *Ga.* 511 (40 S. E. 763), the judge re-

fused to certify certain exceptions pendente lite, and the plaintiff in error, instead of proceeding by mandamus, incorporated in the main bill of exceptions the document which had been tendered to the judge to be certified as exceptions pendente lite, and which he had refused to certify. The judge refused to certify the main bill of exceptions, because it contained the paper which he had refused to certify as exceptions pendente lite. So far as appears from the opinion, the judge did not, in his answer to the mandamus nisi, assert that the so-called exceptions pendente lite contained any statement that was untrue. His reasons for refusing to certify the bill of exceptions were, that the so-called exceptions pendente lite which were disallowed by the court were in no way connected with the motion for new trial, did not allege any error in the trial of the case, or complain of anything that transpired during the trial, and contained nothing that could in any manner affect the guilt or innocence of the movants, or the judgment or verdict in the case; and the judge intimated that mandamus should have been applied for to require the respondent to sign the bill of exceptions pendente lite. Passing upon the questions raised in the *Strickland* case, which are very similar to those presented in the case at bar, Justice Little, in delivering the opinion of the court, says: "Without undertaking to say that movants could not have legally instituted a proceeding to compel a certification of proper exceptions pendente lite, we yet think that the judge erred in refusing to certify the bill of exceptions because it contained the alleged exceptions pendente lite; and we say this without any regard to the merits of any question raised by the exceptions pendente lite; and we are not to be understood as passing upon the question whether they are proper exceptions, and whether, if they are, there is any merit in them. It is sufficient to know that movant's counsel, during the pendency of the case or the motion for a new trial, presented such exceptions, that the judge refused to certify them, and that the bill of exceptions contains the pendente lite exceptions so presented, and it assigns as error the refusal to certify them. The judge says that the exceptions pendente lite are in no way connected with the motion for new trial and allege no error in the trial of the case, nor contain anything that transpired during the trial or before judgment was rendered in said case, and that nothing therein could in any manner affect the guilt or innocence of movants or affect the

verdict or judgment in the case. Counsel for plaintiff in error contend to the contrary, and it is the trial judge's decision on this question which they propose to have reviewed. It may be, as the judge says, that there is no merit in the exceptions pendente lite. But whether there is or not, if they were presented, if the judge refused to certify them, if counsel for movants has properly incorporated them into the bill of exceptions which is otherwise true, and properly assigned error on the refusal of the judge to so certify, we see no reason why he can not have that question made and determined. Indeed, without regard, as we have said, to the merits of the exceptions, it was proper practice, as we understand it, to have assigned error on such refusal, if the movant desired to have reviewed the official action of the judge, by which he overruled them."

In the present case the only real reason assigned by the judge for his refusal to certify is that he was disqualified in everything that he did, and, therefore, every act done by him during the trial was a nullity; and that being disqualified to proceed in the trial, he is disqualified to sign the bill of exceptions. In other words, he adjudges that his acts in the case are entirely disconnected from the real case sought to be presented in the main bill of exceptions which is awaiting the consideration and signature of Judge Johnson of the city court of Newton. Just as the judge in the *Strickland* case adjudged that the so-called exceptions pendente lite had no connection with or relevancy to the issues involved in that case, we hold in this case that the merits of the exceptions, and the question as to whether all that was done by the judge, if he was disqualified, was nugatory, must be determined by this court, as well as the question as to whether or not the judge was disqualified. The petitioner for mandamus has the right to have this court pass upon the validity and effect of whatever was done in connection with this case in the city court of Camilla; and it is the duty of the judge, if he presided at all in the matter for a short time, no matter at what stage of the trial, to truly inform this court as to what occurred while he was presiding, and by his certificate verify such statements as to what actually transpired as are true. If the judge is disqualified in the case, he would perhaps be disqualified from even calling the case upon the docket for any other purpose than to call attention to the case, in order that proper steps might be taken to provide a judge qualified to preside therein. It is inconceivable

that if the judge, being disqualified in the case, should merely sound it upon the docket in its order, either party would take exception thereto. But if such were the case, it would clearly be the duty of the judge to certify the bill of exceptions, properly assigning error upon his act, although the exception might be absurdly without merit. The legal merit of the exception would have to be determined by the reviewing court upon a consideration of the writ of error; and if the trial judge could, in his discretion, decline to grant the writ of error, because in his judgment there was nothing to review, he could preclude the complaining party from testing perhaps the only issue in the case, if he were satisfied that the losing party's contention as to that issue was wholly without merit. We do not pretend to say that our learned brother of the trial bench may not be correct in his assumption that all of his acts were nugatory; we can not at this time pass upon the question. Whether the proceedings which the petitioner for mandamus seeks to have reviewed by the bill of exceptions pendente lite were harmful and erroneous, or void and immaterial, will no doubt depend, in some measure, upon the merit of the exceptions contained in the main bill of exceptions, which will, no doubt, assign error upon the exceptions pendente lite which should have been certified. Upon this application for mandamus the real merits of the bill of exceptions sought to be certified can not be considered; and this because the statements of fact therein have not been certified to be true by the judge who presided in the case. And a petitioner has the right to have the merits or demerits of his exceptions passed upon by this court; and for that reason the judge who presided should certify the bill of exceptions. The rulings in *Pitts* v. *Hall*, 60 *Ga.* 390, and *Dotterer* v. *Hardin,* 88 *Ga.* 145 (13 S. E. 971), in which the Supreme Court looked to the merits of the proposed bill of exceptions, in determining whether the mandamus should be made absolute, were expressly overruled in the case of *Taylor* v. *Reese,* 108 *Ga.* 379 (33 S. E. 917); and the ruling in the *Taylor* case was reaffirmed in *Sears* v. *Candler,* 112 *Ga.* 381 (37 S. E. 442); and there is no question that under the later rulings the judge will be required to sign and certify the bill of exceptions, irrespective of its merits, if it is true and no sufficient reason for not signing the certificate to the bill of exceptions is assigned.

As we stated above, there are three exceptions to the general

rule that this court will not consider the merits of the bill of exceptions upon the application for mandamus. One is where an extraordinary motion for new trial has been made. Another is where all of the points made in the bill of exceptions have been passed upon by the appellate court, or where the bill of exceptions is so defective in form as to necessitate a dismissal of the writ of error, should it be certified. And the third is in that class of cases in which the reviewing court is without jurisdiction. In the latter case, of course, a dismissal necessarily results. As the bill of exceptions exhibited by the petitioner in the present instance falls within none of the above exceptions, we are constrained, without any consideration of the merits of the bill of exceptions which the judge declined to certify, to require that the judge sign and certify it as provided by law. It is, therefore, ordered that a mandamus absolute issue in the terms of the law, requiring the respondent to, certify the bill of exceptions presented.

*Mandamus made absolute.*