### 8010. COVIN *v.* WILLIE, judge.

1. When a bill of exceptions complies with the law, conforms to the truth, contains (or specifies) all of the evidence, and specifies all of the record material to a clear understanding of the errors complained of, and is presented to the presiding judge within the time prescribed by the statute, it is the duty of the judge to sign and certify it.

2. When a bill of exceptions is presented to a judge and he refuses to certify it because it does not contain "relevant matters transpiring before him on the hearing which may legitimately serve to explain the ruling made or the facts transpiring in connection therewith which will throw light upon it," and he returns the bill of exceptions to

counsel with his objection to it in writing, it is the duty of counsel to correct the bill of exceptions, and when counsel refuses to do this, the judge will not be required by mandamus to sign and certify the bill of exceptions.

DECIDED FEBRUARY 1, 1917.

Application for mandamus.

*P. C. Andrews, S. P. Cain,* for plaintiff.

BLOODWORTH, J. L. B. Covin brought suit against Cairo Banking Company and against O. T. Davis and J. W. Nicholson. All of these defendants appeared and filed demurrers and answers. The court sustained the demurrers to the extent of striking all allegations of tort from the plaintiff's petition and requiring him to proceed ex contractu. After this time J. W. Nicholson filed a demurrer, on the ground that there was a misjoinder of parties, and this demurrer was sustained and an order entered striking J. W. Nicholson as a party defendant. Afterwards on the same day the trial judge sustained a general demurrer to the petition and dismissed it. On the 15th of November, and within thirty days from the judgment of dismissal, counsel for L. B. Covin tendered to the trial judge, Hon. W. J. Willie, a bill of exceptions, and asked that it be signed and certified. The presiding judge refused to sign and certify the bill of exceptions, for the following reasons, as stated by him and endorsed on the bill of exceptions: "After argument by counsel for defendant in error on the demurrer striking J. W. Nicholson from the suit, and before judgment was entered on same, counsel for plaintiff in error was asked by the court what, if anything, he had to say regarding the demurrer, and replied that they had contemplated striking J. W. Nicholson from the suit. I think this should be incorporated in the bill of exceptions, and if done, I will certify the same to be true." On refusal of counsel to insert the above in the bill of exceptions the presiding judge refused to sign and certify the bill of exceptions, and an application for mandamus was presented to this court.

Under the above statement of facts as shown by the petition for mandamus, should the judge be required to sign and certify the bill of exceptions as tendered? "The rule now seems to be well settled in this State that after final judgment the losing party—other than the State in a criminal case—is entitled to one bill of

exceptions as a matter of right; and if the judge refuses to sign and certify the bill of exceptions when presented to him, if it truly states the facts, an application for mandamus will be granted . . compelling the judge to sign and certify the bill of exceptions, irrespective of the merit of the exceptions taken." *Seaboard Air-Line Ry.* v. *Reid,* 6 *Ga. App.* 18, 20 (63 S. E. 1130). The final test is: Does the bill of exceptions "truly state the facts?" In the instant case a bill of exceptions was tendered in due time to the judge, and he refused to sign and certify, and endorsed on it his reason therefor as stated above. When the judge returned the bill of exceptions counsel refused to change it to conform to the suggestion of the judge, and applied for mandamus. Did the judge err in refusing to sign and certify the bill of exceptions as presented? The law requires the judge to inspect the bill of exceptions, and the burden of determining whether it speaks the truth is upon him. "The judge to whom such bill of exceptions is tendered shall, if needful, change the same so as to conform to the truth and make it contain all the evidence, and refer to all of the record, necessary to a clear understanding of the errors complained of." Civil Code, § 6140 (3). "If the judge shall determine that the bill of exceptions is not true, or does not contain all the necessary facts, he shall return the same, within ten days, to the party or his attorney, with his objections to the same in writing. If those objections are met and removed, the judge may then certify, specifying in his certificate the cause of the delay. If the judge sees proper, he may order notice to the opposite party of the fact and time of tendering the exceptions, and may hear evidence as to the truth thereof." Civil Code, § 6158.

"It is competent for the judge to certify as to relevant matters transpiring before him on the hearing, which may legitimately serve to explain the ruling made or the facts transpiring in connection therewith which will throw light upon it." *Petty* v. *Patterson,* 144 *Ga.* 339, 340 (87 S. E. 19). Was the above statement of counsel, which the judge suggested should be in the bill of exceptions, material? Copies of the pleadings in the original case are not attached, and the petition for mandamus is not full enough for this court to pass upon this issue. Although the contrary is insisted on in brief of counsel for the plaintiff in error, yet if the

statement amounted to a consent of counsel to sustaining the demurrer and striking the name of J. W. Nicholson from the petition, it would be material in explaining the ruling and throwing light upon it. Under this view of the case "consensus tollit errorem" would apply. But apart from this, in the case of *Brinson* v. *Callaway*, 112 *Ga.* 162, 163 (37 S. E. 177), Justice Cobb says: "This court can not undertake to determine an issue between the judge and counsel as to what parts of the record are material to a proper consideration of the case. The judge who tried the case must decide this question, the law requiring him to certify that the bill of exceptions 'specifies all of the record material to a clear understanding of the errors complained of.' Civil Code [of 1895], §§ 5532, 5528 (4). The decision of the judge in this matter is conclusive on counsel tendering the bill of exceptions. It is the duty of counsel tendering a bill of exceptions to specify such portions of the record as are material to a clear understanding of the errors complained of. Civil Code [of 1895], §§ 5528, 5530 [Code of 1910, §§ 6140, 6142]. While the judge to whom a bill of exceptions is tendered is authorized to change the same so as to make it refer to all the record necessary, he is certainly not required to do this in a case where counsel tendering the bill of exceptions not only does not request him so to do, but expressly refuses to have incorporated in the bill of exceptions parts of the record which the judge claims are material, and makes a direct issue with the judge as to the materiality of the same and the right of the judge to require the parts of the record claimed by him to be material to be transmitted to this court." In the case of *Campbell* v. *Foute*, 6 *Ga. App.* 113 (64 S. E. 292), the court said: "The determination of what is true and what is not true as to matters occurring on the trial of a case, when it is sought to review the trial by a bill of exceptions, addresses itself exclusively to the presiding judge; and this court is compelled by law to take his statement as true. If the judge says that certain corrections are necessary to make the bill of exceptions speak the truth, we have no power to allow counsel to take issue with him, nor can we take issue with him ourselves. It is the duty of counsel to make these corrections and tender to the trial judge the bill of exceptions as corrected." In the case of *Pelham Manufacturing Co.* v. *Scaife*, 7 *Ga. App.* 446, 448

(67 S. E. 111), in stating the reason which will justify the trial judge in declining to certify a bill of exceptions, Judge Russell said: "It must be either because the bill of exceptions is presented too late, or because the statements of fact relating to the proceeding it is sought to review are untrue, or because the counsel has declined to correct the bill of exceptions in accordance with the direction of the court, or some such similar matter, which does not in any wise relate to the sufficiency or merit of the exceptions which the application for the writ of error seeks to present to the higher court." Counsel did not deny that the statement which the judge wished incorporated in the bill of exceptions was true, and the judge thought it material and offered to sign the bill of exceptions if the statement of counsel were written into it, but counsel refused. The judge having said that the above statement should be incorporated in the bill of exceptions in order to make it speak the truth, "we have no power to allow counsel to take issue with him, nor can we take issue with him ourselves." Counsel having declined to correct the bill of exceptions as directed, the judge properly refused to sign and certify the same.

*Mandamus refused. Broyles, P. J., and Jenkins, J., concur.*