### 11068.  BARLOW v. THE STATE.

BROYLES, C. J.  1. The exceptions pendente lite, not being referred to in the brief of counsel for the plaintiff in error, are treated as abandoned.

2. The excerpt from the charge of the court complained of, when considered in connection with its context, was not erroneous for any reason assigned.

3. The alleged newly discovered evidence was largely cumulative and impeaching in its character, and it does not appear that the judge abused his discretion in overruling the special ground of the motion for a new trial based thereon.

4. The verdict was authorized by the evidence, and, having been approved by the trial judge, this court has no authority to set it aside.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*
DECIDED JANUARY 6, 1920.

Conviction of sale of intoxicating liquor; from Wheeler superior court—Judge Graham.  October 4, 1919.

*O. M. Duke,* for plaintiff in error.

*W. A. Wooten, solicitor-general,* contra.

---

### 11200.  BRITT v. HOWARD, judge.

BROYLES, C. J.  A bill of exceptions was tendered to the judge, and he refused to sign it, and returned it, within ten days, to the movant's counsel, with his written objections, pointing out therein, among other things, that the bill of exceptions contained material statements of fact which were not true. It not appearing that the objections specified by the judge were met and removed, this court will not require him to sign the bill of exceptions. Civil Code (1910), § 6158; *Campbell* v. *Foute,* 6 *Ga. App.* 113 (64 S. E. 292); *Covin* v. *Willie,* 19 *Ga. App.* 259 (91 S. E. 278), and citations.

*Mandamus nisi denied. Luke and Bloodworth, JJ., concur.*
DECIDED JANUARY 6, 1920.

Petition for mandamus.

*G. Y. Tigner,* for petitioner.