*Henry T. Chance Jr., Clement E. Dunbar,* and *Roy V. Harris,* for defendant.

RYALS *v.* HARDEMAN, judge.

PER CURIAM. 1. In a proceeding to compel a judge of a superior court by mandamus to certify a bill of exceptions, the answer of the judge can not be traversed, and the statements made therein must be accepted as true. Code, § 6-910 (2).

2. "When a mandamus nisi has been issued to a judge of the superior court, requiring him to show cause why he should not sign a bill of exceptions, and in answer thereto he states that he has no evidence of the truth of the statement of fact contained in the bill of exceptions, and no proceedings have taken place before him by which he could verify them, the rule will be discharged." *Platen* v. *Adams*, 72 *Ga.* 199.

3. "When a trial judge refused to certify a bill of exceptions on the ground, among others, that it embraced matter which in his opinion was unnecessary and irrelevant, and when, on the hearing in this court of a mandamus sued out with a view to obtaining an order compelling the judge to certify such bill of exceptions, it appears that the matter in question was of the nature above indicated, the mandamus will not be made absolute." *Little* v. *Sparks*, 112 *Ga.* 220 (37 S. E. 364). See also *Brinson* v. *Callaway*, 112 *Ga.* 162 (37 S. E. 177).

4. In the instant case it appears from the answer of the judge that parts of the bill of exceptions are irrelevant, that other parts are untrue, and that still other portions relate to matters dehors the record which the judge for want of knowledge can not certify as true. The respondent further alleges that he "will be delighted even now to certify a bill of exceptions, eliminating those matters that the court can not certify to be true," in order that the Supreme Court "may pass upon such alleged rulings as were in truth and in fact made by the trial court." In the circumstances the mandamus will not be made absolute, and the mandamus nisi is discharged.

5. In the foregoing, this court does not intend to hold that a corrected bill of exceptions should not contain the matters now shown with reference to the defendant's answer in the lower court and all proceedings relating thereto, including a former bill of exceptions allowed as exceptions pendente lite (*Ryals* v. *Atlantic Life Insurance Co.*, 181 *Ga.*

843, 184 S. E. 698), as well as the subsequent proceedings with reference to such answer; but the rulings made are based upon the respondent's answer regarding other statements contained in the bill of exceptions. If a corrected bill of exceptions should be tendered, the judge should not require elimination of the matters referred to in this paragraph.

*Mandamus absolute denied. All the Justices concur, except Russell, C. J., who dissents.*

No. 11616. November, 14, 1936.

*W. T. Burkhalter* and *G. W. Lankford,* for movant.