36826. McPHAIL *v.* BAGLEY, Judge.

TOWNSEND, J. In *Marlowe* v. *Worrill,* 183 ·Ga. 275 (1, 2) (188 S. E. 340) it was held as follows: "According to the Constitution of this State, the Supreme Court has no original jurisdiction, but is a court only for the trial and correction of errors of law from the superior courts and from certain city courts, in specified cases. Code §§ 2-3005, 6-801. It follows that this court has no jurisdiction to grant the writ of mandamus applied for in the present case. While the Supreme Court may aid a party by the writ of mandamus to bring to it his case from the lower court, as by issuing the writ to compel the judge to certify a bill of exceptions or to require the proper officers to perform their legal duties in reference to such proceeding, it is without any power or jurisdiction to require the judge of the lower court to issue a writ returnable before him for the purpose of trial." This rule is equally applicable to this court. Code (Ann.) § 2-3708. Accordingly, this court is without jurisdiction to grant a mandamus nisi, as prayed, against the Judge of the Municipal Court of Columbus requiring him to show cause for his failure to entertain a petition on the part of movant seeking to have a judicial sale set aside for excessive levy and other grounds stated therein. The Superior Court of Muscogee County has original jurisdiction in mandamus and injunction cases, and movant's remedy, if any, would be by a proper proceeding in that court.

*Application for mandamus dismissed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED JULY 9, 1957.

*A. L. Haden, Jr.,* for petitioner.