### 37210. FRENCH v. LONG, Judge.

CARLISLE, Judge. The Court of Appeals has no original jurisdiction to issue a writ of mandamus to a judge of the superior court to require him to perform any act except in aid of a party bringing the case to this court by writ of error and cannot, by such a writ, compel the trial court to take any step in a case pending in that court and in which no writ of error has been sued out or applied for. *Central R. & Bkg. Co.* v. *Miller*, 91 *Ga.* 83 (16 S. E. 256); *Conwell* v. *McWhorter*, 93 *Ga.* 254 (19 S. E. 50); *Echols* v. *Candler*, 108 *Ga.* 785 (33 S. E. 811); *Savannah, Fla. &c. Ry. Co.* v. *Postal Telegraph-Cable Co.*, 113 *Ga.* 916 (1) (39 S. E. 399); *Fountain* v. *Crum*, 148 *Ga.* 272 (96 S. E. 337); *Marlowe* v. *Worrill*, 183 *Ga.* 275 (188 S. E. 340); *McPhail* v. *Bagley*, 96 *Ga. App.* 179 (99 S. E. 2d 500). Accordingly, this court is without jurisdiction to grant a writ of mandamus, as prayed, against the Judge of Houston Superior Court requiring him to set and assess a reasonable supersedeas bond pending his consideration of a

motion for a new trial in a criminal case in which no bill of exceptions has been tendered. It follows that the mandamus nisi originally issued by this court upon application was improvidently issued and must be withdrawn, and the

*Application for mandamus dismissed. Gardner, P. J., and Townsend, J., concur.*

DECIDED MAY 21, 1958.

*D. Lee Churchwell,* for petitioner.
*Wm. M. West, Solicitor-General,* contra.