37593. HENRY *v.* DAVIS, Judge.

DECIDED FEBRUARY 12, 1959.

*Frank M. Gleason,* for petitioner.

QUILLIAN, Judge. In refusing to issue a mandamus absolute on a former petition in this case, this court ruled that the plaintiff in error was entitled to enumerate the grounds upon which his motion to dismiss the processioning proceeding was made, but also ruled that argument in support of such grounds and colloquies between counsel and counsel and the court were properly ordered deleted from the bill of exceptions. This court also ruled that the notice, dated March 20, 1956, to Rex Henry, protestant, from C. L. Crabtree, applicant, specified by the plaintiff in error as material to a clear understanding of the errors of which complaint was made, was properly ordered deleted from the bill of exceptions as the trial court's objection stated that such notice was never introduced in evidence. Consequently, so much of the first assignment of error as purports to state of what the pleadings in the case consisted (See italicized portion of the assignment of error in the foregoing statement of fact) must be deleted from the bill of exceptions as the court in its certificate refused to certify that such allegations are true.

In *Campbell* v. *Foute,* 6 *Ga. App.* 113 (64 S. E. 292), this court stated: "The determination of what is true and what is not true as to matters occurring on the trial of a case, when it is sought to review the trial by bill of exceptions, addresses itself exclusively to the presiding judge; and this court is by law compelled to take his statement as true. If the judge says that certain corrections are necessary to make the bill of exceptions speak the truth, we have no power to allow counsel to take issue with him, nor can we take issue with him ourselves. It is the duty of counsel to make these corrections and tender to the trial judge the bill of exceptions as corrected." In the case of *Pelham Manufacturing Co.* v. *Scaife,* 7 *Ga. App.* 446, 448 (67 S. E.

111), in stating the reasons which will justify the trial court in declining to certify a bill of exceptions, Judge Russell, speaking for the court stated: "It must be either because the bill of exceptions is presented too late, or because the statements of fact relating to the proceeding it is sought to review are untrue, or because the counsel has declined to correct the bill of exceptions in accordance with the direction of the court, or some such similar matter, which does not in anywise relate to the sufficiency or merit of the exceptions which the application for the writ of error seeks to present to the higher court." See also *Covin* v. *Willie*, 19 *Ga. App.* 259 (91 S. E. 278).

Where the trial court signs a certificate to a bill of exceptions but qualifies the certificate by certifying that certain recitals of fact contained in the bill of exceptions are not true, the certificate, in legal effect, is a nullity and amounts to no more than a refusal to sign the bill of exceptions. *McBurney* v. *Anderson*, 78 *Ga. App.* 776 (52 S. E. 2d 519).

Consequent upon what has been ruled above, this court, in compliance with its first duty in considering a petition for mandamus to compel a trial judge to certify a bill of exceptions, has determined that the petition here does not state a legal cause for the issuance of the writ. *N. A. A. C. P.* v. *Pye*, 96 *Ga. App.* 685 (101 S. E. 2d 609). The writ is denied and the petition is dismissed.

*Mandamus nisi denied. Felton, C. J., and Nichols, J., concur.*