## 37630. RAYBESTOS-MANHATTAN, INC. v. MORAN.

PER CURIAM.

This certiorari involves the power of the courts to enforce their judgments. Raybestos-Manhattan, Inc. filed an original petition seeking writs of mandamus and prohibition requiring a State Court judge to abide by the judgment of the Court of Appeals in the case before him.[1] The Court of Appeals dismissed the petition by order, seeming to hold that the appellate courts of this State have no jurisdiction to entertain original petitions for mandamus. We granted certiorari to determine whether the Court of Appeals erred in so ruling.

The judicial powers of this State are vested in the Supreme Court, Court of Appeals, superior courts, probate courts, justices of the peace, notaries public who are ex-officio justices of the peace, and

---

[1] Raybestos-Manhattan contends that the trial court erred in refusing to enter judgment on the counterclaim in which a directed verdict was affirmed on appeal, and in announcing that, upon retrial of the main claim, it would continue to limit the closing arguments of counsel to thirty minutes under a local rule, though the Court of Appeals had held this to be error. *Raybestos-Manhattan, Inc. v. Friedman,* 156 Ga. App. 880, 275 SE2d 817 (1981).

other courts established by law. 1976 Ga. Const., Art. VI, Sec. I, Par. I; Code Ann. § 2-3001. "Every court has power . . . (t)o compel obedience to its judgments, . . ." Code Ann. § 24-104 (3). When the Court of Appeals was established in 1906 by constitutional amendment, it was provided that the "laws relating to the Supreme Court as to . . . the powers, practice, procedure, times of sitting and costs of the court . . . shall apply to the Court of Appeals. . . ." 1976 Ga. Const., Art. VI, Sec. II, Par. VIII; Code Ann. § 2-3108. Code Ann. § 24-3901 enumerates the powers of the Supreme Court. Among them is the authority "(t)o grant any writ necessary to carry out the purposes of its organization, or to *compel any inferior tribunal or officers thereof to obey its order.*" (Emphasis supplied.)[2] That authority is not only inherent in the judicial powers of the courts, but is also established clearly by law. We hold therefore that the Court of Appeals has the power to entertain a petition for mandamus or prohibition in order to enforce its judgments.

In so holding, we are not unmindful of the cases relied upon by the Court of Appeals in dismissing Raybestos-Manhattan's petition: *Marlowe v. Worrill,* 183 Ga. 275 (188 SE 340) (1936) (mandamus to force trial court to issue a writ *coram nobis* to have. the Solicitor General show cause why the defendants' guilty pleas should not be set aside); *Garland v. Gray,* 108 Ga. App. 303 (132 SE2d 834) (1963) (mandamus to force trial court to grant supersedeas while motion for new trial was pending); *French v. Long,* 97 Ga. App. 656 (104 SE2d 155) (1958) (mandamus to force trial court to set a supersedeas bond pending a ruling on the motion for new trial); *McPhail v. Bagley,* 96 Ga. App. 179 (99 SE2d 500) (1957) (mandamus to force a trial court to set aside a judicial sale).

In each of these cases, the petitioners sought in appellate courts to interfere with matters still pending in lower courts. *Garland v. Gray,* supra.[3]

We hold that the Court of Appeals erred in dismissing the petition for mandamus and prohibition seeking enforcement of its judgment in the trial court, and remand for consideration of the merits of the petition.

---

[2] We note that the proposed draft of the new Constitution also provides that ". . . appellate courts shall have the power to issue process in the nature of mandamus, prohibition, specific performance, quo warranto, and injunction." Art. VI, Sec. I, Par. IV.

[3] There is an exception to this rule when an appellate court must intervene in order to preserve its jurisdiction. *Strickland v. Fite,* 114 Ga. 511 (40 SE 763) (1901) (trial court ordered to certify bill of exceptions for appeal). The cases relied on by the Court of Appeals are inapplicable.

*Judgment reversed and case remanded. All the Justices concur.*

DECIDED NOVEMBER 12, 1981.

*W. Kent Bishop, Shane M. Geeter,* for appellant.
*Fine & Block, Joseph J. Fine, Alford Wall, Patrick & Warner, James A. Goldstein,* for appellee.