# Court of Appeals
# of the State of Georgia

ATLANTA,___July 15, 2016_____

*The Court of Appeals hereby passes the following order:*

**A16E0035. JEWELL v. BENTON.**

Lindsay Nicole Fitton, f/k/a Lindsay Nicole Jewell, has filed a petition for writ of mandamus in this court, seeking to enforce our direction to the superior court in *Jewell v. McGinnis*, 333 Ga. App. 108 (775 SE2d 539) (2015), which was decided on July 13, 2015. In that decision, we vacated the trial court's child custody order for failure to make findings of fact or law to support its award as required by OCGA § 19-7-1 (b.1), id. at 111 (3), or to incorporate a permanent parenting plan as required by OCGA § 19-9-1 (a). Id. at 111-112 (4). In our opinion, we directed the trial court to make the required findings under both Code sections. Remittitur issued on August 3, 2015.

Petitioner shows the following facts, supported with exhibits: On December 7, 2015, petitioner noted that no revised order had been filed below, and requested that the trial court enter a new order consistent with the decision of this court. On February 22, 2016, the trial court issued a rule nisi scheduling a hearing for March 14. At that hearing, the trial court requested letter briefs from the parties and requested that petitioner submit a proposed final order, both of which were submitted by petitioner. On June 7, 2016, petitioner again requested issuance of a final order pursuant to this court's decision.

Petitioner alleges that no order has been entered as of the date of her petition, that she continues to be denied custody of her daughter, and that she has no other adequate remedy at law.

Ga. Const. of 1983, Art. VI, Sec. I, Par. IV, provides that the "appellate courts shall have the power to issue process in the nature of mandamus, prohibition, specific

performance, quo warranto, and injunction." Our Supreme Court has held that "the Court of Appeals has the power to entertain a petition for mandamus or prohibition in order to enforce its judgments." *Raybestos-Manhattan, Inc. v. Moran*, 248 Ga. 461, 462 (284 SE2d 256) (1981). And OCGA § 15-1-3 provides: "Every court has power . . . (3) To compel obedience to its judgments, order, and process." Finally, OCGA § 5-6-10 provides: "The decision of the appellate court and any direction awarded in the case . . . shall be respected and carried into full effect in good faith by the court below." And "[t]o do this is not discretionary with the presiding judge, but [a] matter of statutory mandate and compulsion. [Cit.]" *Hartley v. Hartley*, 212 Ga. 62, 63 (2) (90 SE2d 555) (1955).

While this court is forever mindful and respectful of the enormous time constraints placed upon our state's trial court judges, and is reluctant to order time-specific compliance with its directives, we simply cannot overlook the particular facts of this case where our direction to the trial court was issued over one year ago. The trial court here was not required to hold any evidentiary hearing to comply with our direction, and has twice been requested by counsel over the past year to enter an order consistent with this court's July 13, 2015 opinion. In addition to the extraordinary time delay present in this case, this court cannot overlook the potential exigencies associated with the impending start of the school year for the minor child in this case.

The petition for writ of mandamus is therefore GRANTED. The Superior Court of Newton County is directed to enter, within ten (10) days of the date of this order, a final order in accordance with the direction issued by this court in *Jewell*, supra.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*_____07/15/2016_____
*I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____, *Clerk.*