Glass v. Clark

allowing parol evidence of suits against plaintiffs in the United States Court. 5th. In refusing the continuance asked for when said amendment was filed. 6th. In overruling the motion for a non-suit. 7th. In charging the jury as aforesaid. 8th. In holding and saying that defendant's counsel could not get rid of the effect of the plea of the justification by withdrawing it. 9th. In refusing to charge the jury as requested by defendant's counsel, "if plaintiffs consented for defendant to buy their paper, and defendants acted upon that authority, the plea of justification may be sustained without proof that the words spoken were true, and in declining to give section 2998 of the Code in charge, and saying, in the hearing of the jury, that he did so because there was no evidence upon the point. 10th and 11th. Because the verdict was contrary to the evidence, *excessive, etc. Jowers made an affidavit that at said settlement nothing was said about this case, and it was not settled, and stated certain facts to show that defendant ought not so to have understood. The Court granted a new trial, and of that complaint is made.

C. T. Goode; Lyon, DeGraffenreid & Irvin, for plaintiffs in error.

Hawkins & Burke; Fort & Hollis, for defendant, said the Court erred in not granting the non-suit: 1st. Hilliard on Torts, 290; 7th Wend. R., 204; 1st Stark on S., 104; Edwards v. Howell, Holt on Libel; 10th Iredell, 211; 3 Wils., 188; 2 Vent., 266; Cr. Eliz., 273; Cr. James, 222; 6th Bacon's Abridg. Libel and Slander.

---

SAMUEL B. GLASS, et al., plaintiffs in error, *v.* GEORGE E. CLARK, et al., defendants in error.

(Atlanta, January Term, 1871.)

1. INJUNCTION—REFUSAL—PARTY NOT ESTOPPED FROM ASKING ANOTHER.*—The refusal of an injunction does not estop the party from asking for another in the same case. (R.)

---

*INJUNCTION—REFUSAL—PARTY NOT ESTOPPED FROM ASKING ANOTHER.—"The Code declares that 'A second injunction may be granted in the discretion of the judge.' Civil Code, § 4921. See also, Cox *v.* Mayor, 17 Ga. 249. While this section does not in terms provide that a second application for an injunction may be granted when the judge has refused the first one, still, upon the same principle which would allow the judge to grant a second injunction, if for any reason the first has become inoperative, we see no good reason why the judge after having refused to grant an injunc-

Glass v. Clark

2. SAME—APPLICATION DECIDED THIRTY DAYS BEFORE ACT TOOK EFFECT—ERROR TO INTERLOCUTORY JUDG-MENT.†—When a party applied to the Chancellor for an order grant-ing an injunction, and the application was ex parte, and was made and decided more than thirty days before the provisions of the Act of the last Legislature relative to injunctions took effect:

*Held,* That such refusal of the Judge granting an injunction was in the nature of an interlocutory order, and not such a final judgment, decree or decision, under the 4192d section of the Code, as brought the case within the jurisdiction of the Court; and that the motion to dismiss the writ of error in this case be sustained.

Bill of Exceptions. Injunctions. Before Judge Clark. Sum-ter county. Chambers. October, 1870.

*On the 8th of September, 1870, Glass et al., pre-sented to Judge Clark a bill against Clark et al., praying an injunction against their use of a mill-pond averred to be a nuisance. On the 22d of October, 1870, the Judge refused the injunction without a hearing. This refusal is brought here by writ of error. When the cause was called here, counsel for defendants in error moved to dismiss the writ of error—first, because the matter was res adjudicata, by reason of the dismissal of the cause before, (see 40th Georgia Reports, 548,) (and pro-

tion may not upon a second application grant the same, provided he become satisfied that the ends of justice require him to do so, and for this reason, such applications are as much addressed to his dis-cretion as applications coming within the literal meaning of the sec-tion of the Code. In the case of Glass *v.* Clark, 41 Ga. 544, it was held that a refusal to grant an injunction does not estop the party applying therefor from asking for another in the same case. * * * The right of the railway company to present a second application for an injunction seems, under these decisions, to be unquestioned; but such an application is addressed to the discretion of the judge which ordinarily should not be exercised in granting a second appli-cation, unless it is based upon grounds which were not known and could not have been discovered by the exercise of reasonable dili-gence at the time the first application was made." Savannah Ry. Co. *v.* Postal Tel. Co., 113 Ga. 918, 39 S. E. Rep. 399.

†SAME—ERROR TO INTERLOCUTORY JUDGMENT.—"In the several cases where this court held that, before the act of 1870, it could not review the granting or refusing of an interlocutory injunc-tion, the judgment was put on the ground that the cause was still thus pending. (Nacooche, etc., Min. Co. *v.* Davis,) 40 Ga. 309, 315, 316; (Glass *v.* Clark,) 41 Ga. 544, 546; (Kaufman *v.* Ferst,) 55 Ga. 352. If, as seems clear, the bill was yet pending in the superior court, the complainant could dismiss it by an order of the court. Code, § 3447. Being dismissed it would follow that a bill of exceptions alleging error upon any interlocutory ruling made on the bill, must likewise go. · If it were otherwise, this court would be in a position where it would make a decision altogether nugatory. An injunction ordered by it, for instance, would, in such a case, be ineffectual because it would be a judgment in a cause which has ceased to exist." Burnett *v.* Fouche, 79 Ga. 378, 4 S. E. Rep. 900.

To the question as to whether a writ of error lies to an interlocu-tory judgment, the principal case is cited in Kaufman *v.* Ferst, 55 Ga. 352; Smith *v.* Willis, 170 Ga. 795, 33 S. E. Rep. 667.

See also, the principal case cited in National Bank *v.* Printup, 6 Ga. 577. See foot-notes to Nacooche, etc., Min. Co. *v.* Davis, 40 Ga. 309; McCree *v.* Americus, 41 Ga. 411; Sparks *v.* Maxwell, 41 Ga. 421.

duced the record of said former case to show the identity,) and secondly, because the Judge's order was interlocutory, without a hearing, and therefore not reviewable here now. The motion was heard with the argument of the cause.

C. T. Goode; J. H. Pickett, by N. A. Smith, for plaintiffs in error.

Hawkins & Burke, for defendants in error.

LOCHRANE, C. J.

In this case the plaintiffs in error filed their bill, praying an injunction restraining the defendants in error from using a mill or mill-dam, etc., so as to overflow the lands contiguous; and the special averments of the bill allege depreciation of the value of adjacent lands and the sickness occasioned by the acts complained of. This bill was verified on the 8th day of September, 1870, and was presented to the presiding Judge for his sanction and order of injunction, which was refused, October 22d, 1870.

A bill of exceptions, on the 31st October, 1870, was presented by complainants' counsel, alleging as error the order of refusal recited. The record shows that the Judge, owing to his sickness, had not signed the same until December 14th, 1870.

The facts of this case bring it within the law, previous to the Acts of the last Legislature, and in delivering the opinion of the Court I yield to the rule laid down by its adjudications, *rather than follow my own convictions in regard to the principles governing this case.

1. We are all concurrent in the opinion that the previous dismissal of a bill, in this case, did not operate as an estoppel of the present application, and that the rights of parties to be heard on applications for injunctions, except on facts identical, and as between the same parties, and privies, is one of clear and unquestioned authority. And we hold that, even as between the same parties, the right of applying to the Chancellor for an order granting an injunction may be renewed, and only by the decree of the Court, on a full and final hearing, as between parties and privies, does the decision become a final adjudication, estopping other and unnecessary litigation.

2. But in this case, admitting, as we do, the right of application, was the decision of the Court below refusing an injunction such a judgment as this Court will entertain jurisdiction of, under the 4129d section of the Code? In the case of the Nacoochee Hydraulic Mining Company v. Davis, 40 Georgia, 309, we held that no cause shall be carried to this Court by any bill of exceptions, so long as it is pending in the Court below, to which principle there is but one exceptions: "Where the decision or judgment complained of would be a final disposition of the cause." This was the im-

perative mandate of the Legislature to the Court, by which it is bound." Under this decision, and the law previous to the Act of 1870, we hold that an injunction before the final hearing interlocutory, only, and is not the subject of review here.

Bill of exceptions dismissed.