Cobb, J.
The Savannah, Florida and "Western Railway Company brought an equitable petition against the Postal Telegraph-Cable ■Company, seeking to enjoin it from proceeding to condemn certain •portions of the right of way of the railway company. Upon the hearing the judge refused to grant an interlocutory injunction. The railway company brought the case to this court upon a writ of error, and the judgment was affirmed. 112 Ga. 941. Thereafter the railway company filed an amendment to its petition, setting forth various reasons why the condemnation proceedings should be enjoined. Upon this amendment the judge granted a rule calling upon the telegraph company to show cause why an injunction should not be granted, and, after a hearing, refused to grant an injunction. To this ruling the railway company excepted.
1. When the railway company tendered to the judge the bill of •exceptions it also presented an application asking that an order be passed preserving and protecting the rights of the parties until the judgment of the Supreme Court could be had upon the bill of exceptions. The judge refused to grant this order. The railway com-pany then applied to this court for a writ of mandamus to compel the judge to make an order preserving and protecting the rights of the parties while the case was pending in this court. The code declares that either party may have a writ of error to the Supreme Court from a decision of the judge of the superior court granting or re.fusing an injunction, butthat “ no such writ of error, or other proceeding for the.obtainment of the same, shall have the effect to establish or deny any in junction independently of the order of such judge, who shall, on rendering the decision, or in granting the writ of error, make such order and require such bond as may be necessary •to preserve and protect the rights of the parties until the judgment <of the Supreme Court can be had thereon, and which he shall do as well in cases of refusal as of granting.” Civil Code, § 4925. Even if the granting of a supersedeas, or a protective order, when the application for injunction is refused, is not within the discretion of the judge of the superior court, this court can not review a ruling of the judge on this subject in any other way than that prescribed by law for bringing rmder review the decisions of the judge of the su-' perior court. This court has no original jurisdiction. It is a court .alone for the correction of the errors of the superior and certain city •courts, and no matter how grave might be the error committed by *918 a judge of' the superior court, or how irreparable the injury which might result therefrom, this court has no power by an original writ-directed to him to compel him to enter a judgment or order which the law requires him to enter, or to restrain him from doing that which the law prohibits him from doing. The application for mandamus in the present case must be denied, for want of jurisdiction in this court to grant it. If there is any law authorizing this court to issue a mandamus except in a case where the judge refuses to sign a bill of exceptions, we are not aware of it.
2. All of the questions presented by the present writ of error were passed upon and decided when the case was here before, save only.those which seek to call in question the validity of the law upon which the condemnation proceeding was founded, and make an attack upon that law for the reason that it is violative of the constitution in various particulars. There was an effort made when the case was here before to present for decision these very questions in reference to the constitutionality of the statute, and this-effort failed because the pleadings did not present the questions in such a way that the court would be authorized to decide questions-of this character. The amendment to the petition must, therefore,, be considered as a second application for an injunction in the same^ case; and it is to be determined whether there can be a second application for an injunction when the first application has been refused, as well as what is the authority of the judge to whom the second application is presented. The code declares that •“ a second-injunction may be granted in the discretion of the judge.” Civil. Code, § 4921. See also Cox v. Mayor, 17 Ga. 249. While this-section does not in terms provide tliat a second application for an injunction may be granted when the judge has refused the first-one, still, upon the same principle which would allow the judge to-grant a second injunction, if for any reason the first has become-inoperative, we see no good reason why the judge, after having refused to grant an injunction, may not upon a second application grant the same, provided he becomes satisfied that the ends of justice require him to do so, and for this reason such applications areas much addressed to his discretion as applications coming within the literal meaning of the section of the code. In the case of Glass v. Clark, 41 Ga. 544, it was held that a refusal to grant an injunction does not estop the party applying therefor from asking for another in the same case. In the opinion Mr. Chief Justice Loch *919 rane said: “We are all concurrent in the opinion that the previous dismissal of a bill, in this case, did not operate as an estoppel of the present application, and that the rights of parties to be heard on applications for injunctions, except on facts identical, and as between the same parties, and privies, is one of clear and unquestioned authority. And we hold that, even as between the same parties, -the right of applying to the chancellor for an order granting an injunction may be renewed, and only by the decree of the court, on a full and final hearing, as between parties and privies, does the decision become a final adjudication, estopping other and unnecessary litigation.” In Blizzard v. Nosworthy, 50 Ga. 514, it was held that the refusal of an injunction does not bar the complainant from making a second application, when he presents new and additional matter discovered since the hearing. In the opinion on page 520 Judge Trippe says: “There is no good legal reason why a complainant may not, after a refusal of an injunction by the chancellor, make a second application, especially when he presents new and additional matter discovered since the former hearing. By analogy to the rule for granting new trials for newly discovered testimony, it would be but reasonable that a chancellor could thus rehear a second application for injunction. A second injunction may be granted in the discretion of the judge: New Code, 3223.” Civil Code, §4921.
The right of the railway company to present a second application for injunction seems, under these decisions, to be unquestioned; but such an application is addressed to the discretion of the judge, which ordinarily should not be exercised in granting the second application, unless it is based upon grounds which were not known and could not have been discovered by the exercise of reasonable diligence at the time the first application was made. Not only was every ground upon which the second application in the present case is based known to the railway company at the time the first application was made, but some of them were actually presented in the pleadings as reasons for granting an injunction, and there was an effort, though ineffectual, to present every question that is now presented. Under such circumstances the judge not only did not abuse his discretion in refusing the application, but the grant of an injunction would have been entirely unwarranted.

Application for mandamus denied, and judgment affirmed.

All the Justices concurring.