19582. POWERS *v.* COURSON *et al.*

HAWKINS, Justice. Ed L. Powers, doing business as Ed L. Powers Contracting Company, brought his petition in Glynn Superior Court against Gaston W. Courson and Marvin Williams, individually and as business agent and president respectively of Local Union No. 122 of the International Hod Carriers, Building and Common Laborers Union of America, seeking a temporary and permanent injunction restraining the defendants from picketing the Glynn-Brunswick Memorial Hospital, on which the plaintiff was engaged as general contractor in making additions and improvements. As amended, the petition alleges in substance that the plaintiff employed both union and non-union workmen on the project, the common laborers being non-union; that Courson, as business agent of the laborers union, had insisted that the plaintiff use union laborers

exclusively on the project, and that all non-union laborers be discharged unless they joined the union. The petition further alleges that, when the plaintiff continued to use non-union laborers on the project, the defendants placed a picket on the job bearing a placard stating that the petitioner was unfair to the union, and that, as a result of the picketing, all union workmen then employed on the job quit work and refused to cross the picket line; that no work was done by any union men while the picketing continued; that the work of constructing the hospital was so integrated that no work could proceed without the services of the union workmen who had left the job on account of the picketing, the purpose of which was to force the plaintiff to use union laborers on the job exclusively; to force the plaintiff's non-union laborers to join the union or quit work, and to interfere with the plaintiff's right to engage in a lawful business. Upon presentation of the petition a temporary restraining order was granted, and the picketing ceased. The defendants filed answers. In the answer of the defendant Courson, it was admitted that the picketing was done at his direction as business agent of the laborers union, but the answers denied the other material allegations of the petition. On the interlocutory hearing, the testimony of the plaintiff and his general superintendent Webb sustained the material allegations of the petition, except as to any personal participation in the acts complained of by the defendant Marvin Williams, and the evidence failed to show any conspiracy or compact between labor unions such as is alleged in the petition. The evidence further disclosed that there were no members of the union represented by the defendant Courson employed by the plaintiff. The defendant Courson, who was called for cross-examination by the plaintiff, testified, among other things: "As to whether or not I was hopeful that Mr. Powers would require his men to join our union, we are always glad to get in good men in our union, all we can. . . As to whether we wanted these men, if the company has got good men and their record is sufficient we like to have them. As to whether I was hoping these men would join, I was hoping to get the application; I didn't know whether I would get it or not." He further testified: "As to what I hoped to accomplish in this case by having a picket out there, I hoped they would do what they led me to believe, call me for men, but never did so. They said they would call for some of my men. I was

hoping they would do it." At the conclusion of the evidence the trial judge denied a temporary injunction, and to this judgment the plaintiff excepts. *Held:*

1. The decision of this court in *Woodard* v. *Collier*, 210 *Ga.* 239 (78 S. E. 2d 526), is controlling in the instant case. Here, as in that case, the evidence demands a finding that the picket was placed on the job for the purpose of forcing Powers to employ only union labor, or be unable to comply with the terms of his contract because of the refusal of the members of other unions employed in the work to cross the picket line, and thereby slow the project to a virtual standstill. As held in that case, such picketing is for an unlawful purpose, and clearly a violation of the provisions of Code (Ann. Supp.) § 54-804, and Code § 66-9906. See also Local Union No. 10, United Association of Journeymen Plumbers & Steamfitters *v.* Graham, 345 U. S. 192 (73 Sup. Ct. 585, 97 L. ed. 946); *Ellis* v. *Parks*, 212 *Ga.* 540 (93 S. E. 2d 708).

2. Since there was no evidence to connect the defendant Williams with the acts complained of, it was not error to refuse to enjoin him, but it was error to refuse to grant the injunction prayed for against the defendant Courson.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

SUBMITTED JANUARY 14, 1957—DECIDED FEBRUARY 11, 1957.

*William A. Zorn,* for plaintiff in error.
*V. E. Mitchell, A. A. Nathan,* contra.

