20406.  COOK *et al. v.* HUCKABEE TRANSPORT CORPORATION.

ARGUED MARCH 10, 1959—DECIDED APRIL 9, 1959—REHEARING DENIED MAY 8, 1959.

12

*Poole, Pearce & Hall, John S. Patton,* for plaintiffs in error.

*Mitchell, Clarke, Pate & Anderson, William M. Pate, John Wesley Weekes, Weekes & Candler,* contra.

HEAD, Justice. ■ The National Labor Relations Act (29 U. S. C. A. § 158) provides in part: "(b) It shall be an unfair labor practice for a labor organization or its agents—(1) to restrain or coerce (A) employees in the exercise of the rights guaranteed in section 157 of this title: . . ." In § 157 of the act it is provided that employees shall have the right to refrain from union activities as therein set out except to the extent that such right may be affected by an agreement requiring membership in a labor organization as a condition of employment.

Section 4 of the act approved March 27, 1947 (Ga. L. 1947, pp. 620, 621; Code, Ann., § 54-804), provides that it shall be

unlawful for any person acting alone or in concert with others to compel or attempt to compel any person to join or refrain from joining any labor organization, etc.

In paragraph 8 (a) of the original petition, it is alleged that three of the named defendants threatened one of the petitioner's employees with a knife for the purpose of inducing and coercing him into joining the strike that was planned. In the remaining subparagraphs of paragraph 8, and in paragraph 10 of the petition, acts of violence or intimidation are alleged which, if proved, would be illegal.

It is not alleged that, since the date of the interlocutory injunction granted by Judge Hubert, the defendants have committed, or attempted to commit, acts prohibited by our State laws. The two affidavits submitted by the petitioner are based upon acts alleged to have occurred prior to Judge Hubert's injunctive order, and other facts which have relation to the financial status of the petitioner before and after the strike. Whether or not the striking employees may have acted unwisely in striking at a time when the employer was having financial difficulties, is not before us for determination. No new facts are alleged to have occurred since the grant of an interlocutory injunction to show an intent on the part of the striking employees to commit acts prohibited by the State law.

Peaceful picketing is not unlawful, unless it is for an illegal purpose. On the contrary, it is authorized under the constitutional guarantee of free speech. *Mason & Dixon Lines* v. *Odom*, 193 *Ga.* 471 (18 S. E. 2d 841); *Local Union No.* 3871, *United Steel Workers of America* v. *Fortner*, 202 *Ga.* 206 (42 S. E. 2d 734); *Hallman* v. *Painters District Council No.* 38, 203 *Ga.* 175 (45 S. E. 2d 414).

There is no provision in the Georgia law limiting or restricting employees from forming, creating, or associating themselves with a labor union. Section 159 of the National Labor Relations Act provides that no election shall be directed in any bargaining unit within which in the preceding twelve months' period a valid election shall have been held. 29 U. S. C. A. § 159 (c) (3). Whether the defendants were acting illegally, in that they were proceeding as a labor union within the period of twelve months

from the date the employees of the petitioner had voted against union organization, in an election conducted by the National Labor Relations Board, would be a question for determination by the board, and not by the courts of this State. Compare *Williams* v. *Cedartown Textiles*, 208 *Ga.* 659 (68 S. E. 2d 705).

The refusal of an injunction will not bar a second application, where the complainant presents new and additional matter discovered since the former hearing. *Blizzard* v. *Nosworthy*, 50 *Ga.* 514; *Savannah, Florida &c. R. Co.* v. *Postal Telegraph-Cable Co.*, 113 *Ga.* 916 (39 S. E. 399); *Tolbert* v. *Long*, 134 *Ga.* 292, 296 (67 S: E. 826, 137 Am. St. Rep. 222). Generally, where an application for injunction is denied, a second application should not be granted unless based upon grounds which were unknown to the applicant at the time of the first application, and which could not, by the exercise of ordinary diligence, have been discovered. *Conwell* v. *Neal*, 118 *Ga.* 624 (45 S. E. 910); *Eminent Household of Columbian Woodmen* v. *Thornton*, 135 *Ga.* 786, 797 (70 S. E. 666).

Where, as in this case, the petitioner seeks by another amendment to extend the force and effect of an injunction previously granted, facts should be alleged and proved that were unknown at the time the injunction was granted, or new facts arising since the date the injunction was granted should be alleged and proved. The petitioner's third amendment and the facts shown by the testimony in support thereof failed to show acts by the defendants since the injunction was granted on November 13, 1958, or facts unknown to the petitioner prior to the injunction granted and discovered since that time. It was therefore error to grant a further injunction prohibiting all picketing.

*Judgment reversed. All the Justices concur.*