## 21980. LOCAL UNION 225, UNITED BROTHERHOOD OF CARPENTERS & JOINERS OF AMERICA, AFL-CIO v. BRIGGS et al.

CANDLER, Justice. A. R. Briggs, doing business as A. R. Briggs Construction Company, brought a suit in the Superior Court of Fulton County against Local Union 225, United Brotherhood of Carpenters & Joiners of America, AFL-CIO, seeking a temporary and permanent injunction restraining the defendant from picketing a building he was erecting on the campus of the Georgia Institute of Technology and known as University System Building Authority Project No. G-6. His petition contained two counts. Count 1 was stricken on demurrer thereto and no exception was taken to that judgment. So far as need be stated for the ruling we will make, count 2 as amended alleges: Petitioner is erecting the building mentioned above under a construction contract he made with the University System Building Authority. He is also under contract to and is erecting a public school building at Jonesboro, Georgia. He is working both union and non-union employees on the Jonesboro project. At a conference held on August 21, 1962, the petitioner was told by the defendant's representatives to hire only union men on his Jonesboro project. When he refused to accede to their demand, the defendant's representatives, including its business agent, terminated the meeting. Immediately after this conference ended, the defendant's business agent stated to the carpenters on his job, "Get your tools up, boys, we are shutting this job down." On August 27, 1962, the defendant caused a picket to walk back and forth around and adjacent to the building he was constructing in Atlanta and the picket carried a sign which stated, "A. R. Briggs Co.—Unfair to Carpenters Organization in this Area." Immediately after the picketing began and as the direct result of it, the carpenters quit working on his Atlanta job. Without the carpenters' services, he will be unable to carry on construction of the building and will be compelled to cease all construction operations on it. The defendant is picketing his Atlanta job to force him to hire only union members on his Jonesboro project which is a violation of the provisions of Georgia *Code Ann.* § 54-804. The defendant does not represent the employees on his Jonesboro

job for collective bargaining purposes or for any other purpose. By picketing his Atlanta job the defendant is attempting to compel and is compelling persons to join a labor organization in violation of Georgia law. *Code Ann.* § 54-804. The defendant filed a plea to the jurisdiction of the Superior Court of Fulton County and in its plea averred that the plaintiff's construction business affects interstate commerce within the meaning of the National Labor Relations Act, as amended; and that the plaintiff's petition raises an issue which the National Labor Relations Board has exclusive jurisdiction to settle. Subject to its plea to the court's jurisdiction, the defendant also answered the petition. From stipulated facts, the court found that the plaintiff's construction business affects interstate commerce within the meaning of the National Labor Relations Act, as amended. And from evidence introduced on an interlocutory hearing, he found that the defendant called a strike and was picketing the plaintiff's Atlanta job for the sole purpose of coercing him to employ only union labor on his Jonesboro job. Following these findings, the court denied the defendant's plea to the jurisdiction and granted the plaintiff's prayer for a temporary injunction. The defendant excepted. *Held:*

Following, as we must, the decision of the Supreme Court of the United States in Local No. 438 Construction &c. Union, AFL-CIO v. Curry, 371 US 542 (83 SC 531, 9 LE2d 514), which was rendered on January 21, 1963, we hold that the trial court had no jurisdiction to issue an injunction or to adjudicate this controversy, which lay within the exclusive powers of the National Labor Relations Board. It was said by the Supreme Court of the United States in Curry's case that the record there "made out at least an arguable violation of § 8 (b) of the National Labor Relations Act, 29 U.S.C. § 158 (b)" and we think the same must be said of the record in this case. Hence, it necessarily follows that the trial judge erred in not sustaining the defendant's plea to the jurisdiction of the Superior Court of Fulton County; and since he did, the temporary injunction granted in this' case is nugatory.

*Judgment reversed. All the Justices concur, except Head, P. J., who dissents.*

ARGUED MARCH 12, 1963—DECIDED MARCH 25, 1963.

J. R. Goldthwaite, Jr., Adair, Goldthwaite & Stanford, for plaintiff in error.

Robert Berghel, Fisher & Phillips, John Patton, Poole, Pearce & Hall, contra.