49788. SHEET METAL WORKERS INTERNATIONAL ASSOCIATION v. CARTER et al.
49789. LOCAL 85, SHEET METAL WORKERS INTERNATIONAL ASSOCIATION v. CARTER et al.

CLARK, Judge.

Does the National Labor Relations Act pre-empt state jurisdiction in an action based upon a tort conspiracy brought by an employee against a labor union and its local? This question is presented by the instant appeal. For in-depth discussions of the doctrine of federal pre-emption in labor disputes see articles in 83 Harv. L. Rev. 552 (1969) and 85 Harv. L. Rev. 1337 (1972).[1]

Carter sued the Sheet Metal Workers International Association and its Augusta local union in the Superior Court of Richmond County. His complaint alleges the parent union and its local "conspired together, maliciously and wilfully, to deprive the plaintiff of his employment in the Sheet Metal Industry and of his means of livelihood, to cause the plaintiff to be denied employment in this Industry, to deny the plaintiff his

---

[1]These are respectively by Michael A. Broomfield, Preemptive Federal Jurisdiction Over Concerted Trespassory Union Activity and by Archibald Cox, Labor Law Preemption Revisited.

right and privilege to be a member of defendants' union, to impair the plaintiff's reputation among prospective employers, and to subject the plaintiff to embarrassment, scorn and derision among his friends, associates, relatives and fellow employees." (R. 4). He avers that in January 1972 the representatives of the defendants "acting for and under the specific instructions of all defendants herein, maliciously, and without probable cause therefor, used the threat of union coercion and pressure to cause the plaintiff to be denied employment of a job in his industry for which he was ready, willing and able to perform." (R. 5). The pleading further states defendants forced an employer of the plaintiff to discharge him and that as a result of defendants' acts, he has been unable to find employment. Plaintiff-appellee sued for $25,000 as damages, $50,000 as punitive damages, and $10,000 as attorney fees.

Each defendant filed separate motions to dismiss upon the ground that "this court does not have jurisdiction of the subject matter of this complaint" together with their answers denying the allegations. The trial court denied both motions to dismiss from which judgments these appeals have been taken separately with requisite review certificates.

The Unions succinctly state their position to be that "the matter is arguably covered by the National Labor Relations Act, 29 U. S. C., §§ 157 and 158; therefore exclusive jurisdiction of the matter rests with the National Labor Relations Board." In their erudite briefs able counsel for both unions have listed many cases, including our Supreme Court cases of *United Brotherhood of Carpenters &c. v. Briggs,* 218 Ga. 742 (130 SE2d 707) and *Armstrong Cork Co. v. Joiner,* 221 Ga. 789 (147 SE2d 317). Neither *Briggs* nor *Joiner* concerned an individual tort. Inasmuch as these as well as their foreign citations rest upon the leading case of San Diego Building Trades Council v. Garmon, 359 U. S. 236 (79 SC 773, 3 LE2d 775) we will, in the interest of space, limit our discussion to that opinion. There Justice Frankfurter pointed out the basic point: "The governing consideration is that to allow the States to control activities that are potentially subject to federal regulation involves too

great a danger of conflict with national labor policy." Id. p. 246. To avoid this hazard the tribunal established the principle which appellants here assert that "when an activity is arguably subject to § 7 or § 8 of the Act, the States as well as the Federal courts must defer to the exclusive competence of the National Labor Board if the danger of State interference with National policy is to be averted."

We noted (as did appellants) that the Garmon case also states at its conclusion on page 247 that previous holdings ". . . have allowed the States to grant compensation for the consequences, as defined by the traditional law of torts, of conduct marked by violence and imminent threats to the public order. . . [and] to enjoin such conduct."

It is true that the instant case does not involve the specific excepted circumstances of violent conduct and imminent threats to public order. Nevertheless, it must be observed that there are other situations where state court jurisdiction is appropriate. Thus, in Linn v. United Plant Guard Workers, 383 U. S. 53 (86 SC 657, 15 LE2d 582 (1966)) the court ruled the state judicial remedy of a tort suit by an aggrieved individual was available for malicious libel occurring during a union organizing campaign. There it was held that the state remedy for malicious libel could be pursued along with an NLRB remedy if the conduct complained of also constituted an unfair labor practice. In short, both the state and federal remedies would be available in appropriate cases when they are not inconsistent.

Subsequently in Taggart v. Weinacker's, Inc., 397 U. S. 223 (90 SC 876, 25 LE2d 240) a concurring opinion by Chief Justice Burger enlarged upon the situations wherein state jurisdiction existed in labor cases. We deem the Chief Justice's views to be applicable to the instant appeals. At page 228 he said "Garmon left to the States the power to regulate any matter of 'peripheral concern' to the NLRA or that conduct that touches interests 'deeply rooted in local feeling and responsibility.' (359 U. S. at 243, 244). Few concepts are more 'deeply rooted' than the power of a State to protect the rights of its citizens."

We recognize the instant case may be within the jurisdiction of the National Labor Relations Board even though it does not involve an employer as a party. Nevertheless, the state's concern "to protect the rights of its citizens" requires us to acknowledge that the plaintiff here would be deprived of certain legal rights in the event we ruled the state court lacked jurisdiction. We refer to the fact that the power of the NLRB is limited by the provisions of the federal statute. When the board finds either a union or an employer guilty of an unfair labor practice it has the power to enter a cease and desist order ". . . and to take such affirmative action including reinstatement of employees with or without back pay, as will effectuate the policies of this subchapter: *Provided,* that where an order directs reinstatement of an employee, back pay may be required of the employer or labor organization, as the case may be, responsible for the discrimination suffered by him. . ." 29 U. S. C. § 160 (c). Although the appellant Unions argue that this remedy would enable the NLRB to make the plaintiff whole, it is obvious that it does not include power to award him exemplary damages or attorney fees. Under Georgia law a plaintiff has the right upon presentation of proper proof satisfactory to the court and jury to receive punitive damages (Code § 105-2002). Reasonable attorney fees also may be awarded in certain instances. Code § 20-1404; *Traders Ins. Co. v. Mann,* 118 Ga. 381, 384 (45 SE 426); *Roberts Pest Control v. McDonald,* 132 Ga. App. 257, 260 (4) (208 SE2d 13).

As is observed in the Linn case at page 63: "The Board can award no damages, impose no penalty, or give any other relief to the defamed individual. On the contrary, state remedies have been designed to compensate the victim and enable him to vindicate his reputation. The board's lack of concern with the 'personal' injury caused by malicious libel, together with its inability to provide redress to the maligned party, vitiates the ordinary arguments for pre-emption." The court's observation dealt with a libel action but those views are appropriate to the instant case. Moreover, this special situation as to punitive damages was recognized in International Union U. A. W. v. Russell, 356 U. S. 634

(78 SC 932, 2 LE2d 1030). There the court noted that "Congress did not establish a general scheme authorizing the Board to award full compensatory damages for injuries caused by wrongful conduct. United Workers v. Laburnum Corp., 347 U. S. 656, 666-667." Id. p. 643. It ruled that plaintiff was entitled to maintain his action in the state jurisdiction stating that ". . . an employee's right to recover, in the state courts, *all* damages caused him by this kind of tortious conduct cannot fairly be said to be pre-empted without a clearer declaration of congressional policy than we find here. . ." Id. p. 646.

In making our decision we decline to follow the 1955 ruling of our court in *Collins v. Merritt-Chapman & Scott,* 91 Ga. App. 856 (87 SE2d 337) wherein a contrary conclusion was reached. That opinion was concurred in by only two judges with the third judge concurring specially while expressing his disagreement with the majority's view as to the NLRB pre-empting state jurisdiction. A decision which is not concurred in by all the judges constituting a division is not a controlling precedent. Court Rule 26 (c); Code Ann. § 24-3626 (c); *Powell v. Smith,* 70 Ga. App. 754, 768 (2) (29 SE2d 521). Accordingly, *Collins v. Merritt-Chapman & Scott,* supra, is expressly disapproved of and will not be followed.

In *Hudgens v. Local 315, Retail &c. Union,* 133 Ga. App. 329 (210 SE2d 821) we upheld a trial court's ruling that federal jurisdiction of a labor dispute preempted the state courts. We noted that the matter was already pending before the National Labor Relations Board when a state injunction and declaratory judgment was sought. We considered it proper to have the labor dispute completed in the jurisdiction in which proceedings were pending with adequate available remedies. We there stated expressly that "our ruling in no way limits the right of state courts to handle civil damage suits which may arise from labor disputes." That applies to the instant suit which is similar in nature to the Linn case where the United States Supreme Court recognized the individual suing on a claim of malicious libel could proceed in the state court for his tort claim even though the claim might also involve a labor dispute which could be pursued in the federal jurisdiction. There would be no

conflict in the two remedies nor recovery twice for the same damages. As was noted in Linn (p. 646), the plaintiff "could not collect duplicate compensation for lost pay from the state courts and the Board."

In ruling that the state court has jurisdiction of this malicious tort action we do not infringe upon or rule contrary to the holding of Local No. 438, Construction &c. Laborers' Union v. Curry, 371 U. S. 542 (83 SC 531, 9 LE2d 514) relied upon by appellants. There an employer had sought injunctive relief against picketing claimed to be in violation of the Georgia Right-To-Work Law. On that basis our Supreme Court ruled the picketing to be for an unlawful purpose and to be enjoined. *Curry v. Construction &c. Union Local*, 217 Ga. 512 (123 SE2d 653). The U. S. Supreme Court reversed on the basis that there existed at least an arguable violation of the National Labor Relations Act so that the state court had no jurisdiction to issue an injunction or to adjudicate the controversy as it lay within the exclusive power of the National Labor Relations Board. As we have heretofore opined, the instant case based on an alleged malicious and wilful tort with a claim for punitive damages is not within the exclusive federal regulatory scheme.

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*

ARGUED OCTOBER 7, 1974 — DECIDED JANUARY 14, 1975 — REHEARING DENIED FEBRUARY 6, 1975 —

*Jacobs, Jacobs & Davis, Joseph Jacobs, Mulholland, Hickey & Fisher, Donald W. Fisher,* for International.

*Lanier, Powell, Cooper & Cooper, Jack L. Cooper, Roger W. Dunaway, Jr.,* for Local.

*Harris, Chance & McCracken, William R. McCracken,* for appellees.