## 30610. AIR LINE EMPLOYEES ASSOCIATION INTERNATIONAL v. EVANS.

GUNTER, Justice.

This is an interlocutory appeal, originally granted by this court on the application of two applicant-defendants, from a judgment that denied the defendants' motion to dismiss the plaintiff's complaint. After this court had granted the interlocutory appeal, one of the defendants, the employer of the plaintiff, voluntarily dismissed its appeal, and, at the same time, the plaintiff dismissed the employer as a party defendant in the trial court. The result of these two dismissals is that the issues for determination, as the appeal now stands, are between the plaintiff below, Evans, and the defendant below, the Union.

Since appellate jurisdiction was in this court when the interlocutory appeal was originally granted by this court, this court has retained jurisdiction even though the two dismissals referred to above have eliminated the equitable relief involved at the time the interlocutory appeal was granted. Our Constitution provides: "It shall also be competent for the Supreme Court to require by certiorari or otherwise any case to be certified to the Supreme Court from the Court of Appeals for review and determination with the same power and authority as if the case had been carried by writ of error to the Supreme Court." Code Ann. § 2-3704.

Evans was an employee of the employer until November 19, 1974, when he was discharged by the employer at the direction of the Union for his alleged failure to pay his initiation fee to the Union.

On November 24, 1974, Evans filed his complaint against the employer and the Union seeking injunctive relief, compensatory damages, punitive damages, and attorney fees. Both defendants filed motions to dismiss the complaint for failure to state a claim on the ground that Evans had failed to exhaust his administrative remedies required by the Railway Labor Act (45 USC § 151 et seq.), and the collective bargaining agreement between the employer and the Union.

The trial judge overruled both motions to dismiss,

two interlocutory appeals followed, the employer was then dismissed as a party in the trial court, the employer dismissed its interlocutory appeal, and we now have for decision, as the sole remaining issue in the case, whether the Union's motion to dismiss the complaint was properly denied by the trial judge.

As we view the case in its present posture, the only issues for determination are between Evans and the Union. Evans contends that he was ejected from membership in the Union without cause, or that he was denied membership in the Union without cause, and that the Union, without cause, directed his discharge by his employer for non-compliance by Evans with the terms of the collective bargaining contract between the Union and the employer. The responsive pleadings of the Union denied that Evans had ever been a member of the Union, admitted that he had paid dues to the Union for the month of October, 1974, and admitted that his employment with the employer had been terminated at the direction and request of the Union.

We think this case is controlled by the principles enunciated in *Sheet Metal Workers Internat. Assn. v. Carter,* 133 Ga. App. 872 (212 SE2d 645) (1975).

Also see Brady v. Trans World Airlines, 401 F2d 87, cert den., Internat. Assn. of Machinists v. Brady, 393 U. S. 1048 (1969). In that case an employee charged the Union with hostile discrimination in refusing to accept tender of the plaintiff's dues and in wrongfully having him discharged from employment with TWA. The complaint further charged the Union with discrimination and with misrepresenting the facts pertaining to the plaintiff's alleged dues delinquency in a hearing before a Railway Labor Act adjustment board. The Third Circuit construed such allegations as a complaint primarily against his bargaining agent rather than his employer. After setting forth statutory authority and discussing the jurisdiction of adjustment boards and of the courts, the Third Circuit stated: "The jurisdiction of railway carrier adjustment boards has been construed as encompassing disputes between employees and their employers, but not disputes between employees and their bargaining representatives." P. 92.

See also Deboles v. Trans-World Airlines, 350 FSupp. 1274 (1972), where it was held that the complaint set forth a dispute primarily involving TWA employees and their Union representatives, and that the Railway Labor Act had not pre-empted jurisdiction from the state and federal courts.

We conclude in this case that the exhaustion of administrative remedies by Evans, as contended by the Union, was not required, and Evans' complaint was not subject to dismissal for failure to state a claim.

*Judgment affirmed. All the Justices concur.*

SUBMITTED FEBRUARY 24, 1976 — DECIDED APRIL 7, 1976 — REHEARING DENIED APRIL 20, 1976.

*Wyatt Johnson, Adair, Goldthwaite, Stanford & Daniel, J. R. Goldthwaite, Jr.,* for appellant.

*Haas, Holland, Levison & Gibert, Richard N. Hubert, Fisher & Phillips, Dean E. Rice,* for appellee.